**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL RAINWATER, )<br>)<br>             Plaintiff, )<br>)<br>  vs. )<br>)<br>TIMOTHY BUDZ, DENNIS HEADLEY, )<br>MARY BASS, KEITH COOPER, and )<br>HOWARD PETERS, III, )<br>)<br>             Defendants. ) | Case No. 99 C 3531 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

      Michael Rainwater, a *pro se* plaintiff, is civilly confined at an Illinois Department of Human Services facility pursuant to the Sexually Violent Persons Commitment Act, 725 ILCS 207/40. From 1998 through February or March of 2000, he was held at the Sexually Violent Persons Treatment and Detention Facility (TDF) located at the Illinois Department of Corrections' Sheridan Correctional Center (SCC), and from February or March 2000 to the present he has been held at the TDF located at the Joliet Correctional Center (JCC).

      In 1999, Rainwater sued Timothy Budz, the director of both TDFs, as well as other officials, alleging violations of his constitutional rights. In October 1999, Rainwater's case was transferred to the docket of another judge on the ground that it was related to an earlier-filed case assigned to that judge. In February 2000, Rainwater filed a second amended complaint, claiming that the defendants denied him access to a law library and adequate medical care; forced him to live in a jail cell with an inoperable toilet; prevented him from showering, shaving, and using the telephone for extended periods of time; provided unappetizing meals; and kept him in lock down

status for days and weeks at a time, even though he did not commit any disciplinary violations.[1]
In June 2000, the judge to whom the case had been transferred dismissed Rainwater's claim regarding lack of law library access.

On February 6, 2001, Rainwater's case was consolidated with another case alleging similar deprivations. On January 17, 2003, his case was stayed pending resolution of common legal issues in the other case. On June 30, 2005, his case was reassigned to this Court's docket following the resolution of the earlier-filed case by the judge to whom Rainwater's case had been transferred. On January 3, 2006, the Court granted defendants' motion to dismiss Rainwater's complaint for failure to state a claim on which relief may be granted and advised Rainwater that if he wished to amend his complaint, he had to do so by January 31, 2006.

On February 7, 2006, the Court received Rainwater's motion for leave to file an amended complaint as well as his proposed amended complaint (hereinafter referred to as the third amended complaint). The third amended complaint names as defendants Budz and five other individuals not named in Rainwater's previous complaint: Dr. Raymond Wood, Brad Grenoble, "STA IV Leroy _____" (last name unknown),[2] John Hargis, and Max Marx. The third amended complaint alleges that defendants kept Rainwater in lockdown status for periods of up to 90 days at a time; failed to address roach and mice infestations in his cell; exposed him to asbestos fibers and a red chemical fog; forced him to shower and be strip searched in front of

---

[1] When a detainee is placed on lockdown status, he or she is only allowed to leave his or her cell for one brief period (an hour or less) during the day.

[2] "STA IV" is apparently a reference to this particular defendant's title or rank at the STD facility. STA IV Leroy is described in the third amended complaint as a shift supervisor who Rainwater claims participated in placing him on lockdown status.

female staff members; and denied him potable drinking water.

Defendants oppose Rainwater's motion to file a third amended complaint, arguing that it raises untimely allegations against Budz and the five new defendants. In § 1983 actions, federal courts adopt the forum state's statute of limitations for personal injury claims. *See Baskin v. City of Des Plaines*, 138 F.3d 701, 702-03 (7th Cir. 1998) (citing *Wilson v. Garcia,* 471 U.S. 261, 280 (1985)). In Illinois, § 1983 claims are subject to a two-year period of limitations. *See Eison v. McCoy*, 146 F.3d 468, 470 (7th Cir. 1998). Rainwater mailed his third amended complaint, at the earliest, on January 31, 2006. Consequently, his claims that accrued before January 31, 2004 are barred unless the statute of limitations was tolled or his claims relate back to his original complaint as provided under Rule 15(c) of the Federal Rules of Civil Procedure.

The Supreme Court has held that in § 1983 actions, federal courts should apply state tolling principles. *See Wilson*, 471 U.S. at 269. Under 735 ILCS § 13-216, a statute of limitations is tolled when "the commencement of an action is stayed . . . by order of a court." Rainwater argues that the statute of limitations in this case should be tolled from January 17, 2003, the date his case was stayed, until July 15, 2005, the date this Court directed Rainwater to file a written status report. The Court agrees. As a result, Rainwater's new claims are barred unless they accrued sometime in the two years prior to the date he filed those claims, January 31, 2006, not including the period from January 17, 2003 through July 15, 2005, when the case was stayed. Six months and fifteen days ran between July 15, 2005 and January 31, 2006, when Rainwater placed his third amended complaint in the mail. The remaining portion of the two year limitations period – one year, five months, and sixteen days – covers the period from August 1, 2001 through January 17, 2003, when the case was stayed. Thus, any of Rainwater's

3

claims that accrued before August 1, 2001 are time-barred unless they "relate back" to the filing of original complaint under Rule 15(c).

In his third amended complaint, Rainwater was not required to plead the specific date that each claim accrued. *See Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993) ("a plaintiff is not required to negate an affirmative defense in his complaint."). Nevertheless, Rainwater affirmatively states that one lockdown incident and the cockroach and mice infestation both occurred at the SCC between 1998 and 2000. *See* Third Am. Compl. at 4, 6-7. For this reason, those claims fall outside the statute of limitations period and cannot be maintained unless they relate back to his previous complaint. *See Tregenza*, 12 F.3d at 718 (recognizing that plaintiff can plead himself out of court). Rainwater does not, however, provide specific dates for the rest of the alleged violations of his rights. Instead, he begins many of the paragraphs in his third amended complaint with the imprecise phrase "[o]n another occasion." Because the Court is unable to determine whether these claims accrued before August 1, 2001, they state claims upon which relief may be granted. *See id.* at 719. The statute of limitations defense cannot, in this context, be dealt with at the pleading stage.

Though Rainwater's claims concerning the pre-August 27, 2001 lockdown incident and cockroach and mice infestation are time-barred, they may nonetheless be maintained if they relate back to his previous complaint. Rule 15(c) of the Federal Rules of Civil Procedure governs the federal doctrine of relation back and provides as follows:

> "an amendment of a pleading relates back to the date of the original pleading when . . . (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment

4

> (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Rainwater asserts his lockdown and infestation claims against one defendant, Budz, who was sued in the original complaint, and five defendants who were not. To relate back, these claims must arise out of the same "conduct, transaction, or occurrence set forth" in his second amended complaint. In addition, with respect to Rainwater's claims against the five new defendants, there must have been some "mistake concerning the identity of the proper party." *See Baskin*, 138 F.3d at 704.

"Under Rule 15(c), even if the statute of limitations has run, if the original pleading gives fair notice of the general fact situation out of which the claim or defense arises, an amendment that 'changes only the legal theory of the action, or adds another claim arising out of the same transaction or occurrence,' will relate back." *Johnson v. Artim Transp. Sys., Inc.*, 826 F.2d 538, 547 (7th Cir. 1987) (quoting 3 J. MOORE, MOORE'S FEDERAL PRACTICE ¶15.15[3], at 15-147-49, -51 (2d ed. 1985)). The Rule "is based on the concept that a party who is notified of litigation concerning a given transaction or occurrence has been given all the notice that statutes of limitation are intended to afford." *Patterson v. General Motors Corp.*, 631 F.2d 476, 486 (7th Cir. 1980).

The lockdown claim clearly arises out of the same "conduct, transaction[s], or occurrence[s]" set out in the second amended complaint. The claim is alleged in paragraph 35(e) of Rainwater's second amended complaint and is outlined in much more detail in his third amended complaint. The same cannot be said, however, for the infestation claim. Rainwater's second amended complaint makes no mention of cockroaches or mice. Consequently, that claim

cannot relate back under Rule 15(c).

Because Rainwater's allegations concerning lockdowns satisfy Rule 15(c)'s same transaction or occurrence requirement, they relate back to the date of the second amended complaint as they concern defendant Budz. For the lockdown claims to go forward against the new defendants, however, Rainwater must clear a second hurdle: he must show that there has been some mistake concerning the identity of the proper party. *See Baskin*, 138 F.3d at 704. Quite simply, Rainwater has not done so. There is no allegation in any of Rainwater's submissions to the Court that he misidentified the defendants when he filed his second amended complaint. For this reason, the pre-August 1, 2001 lockdown claims against the five new defendants cannot relate back to the date of the second amended complaint under Rule 15(c) and cannot be included in Rainwater's third amended complaint.

Because Rainwater is *pro se,* rather than requiring him to file a new amended complaint including only the claims that we have ruled can proceed, the Court will grant him leave to file the third amended complaint, dismissing the claims we have ruled cannot proceed. Defendants will be required to answer only the latter claims.

**Conclusion**

The Court grants Rainwater's motion to file a third amended complaint [docket no. 70] but dismisses the claims concerning cockroach and mice infestation as to all the defendants, and the claims concerning the pre-August 1, 2001 lockdown incident as to the newly-named defendants. Defendants will be required to answer the remaining claims. The case is set for a status hearing on May 15, 2006 at 9:30 a.m. At that time, defense counsel will be expected to advise the Court whether they will require service of summons on the newly-named defendants

or whether they are willing to accept service on the defendants' behalf. In addition, counsel from the Attorney General's office are requested to make reasonable efforts prior to the status hearing to identify the newly-named defendant described as "STA IV Leroy" so that service of summons (if necessary) may be accomplished. At the status hearing, the Court will set a date for the defendants to respond to the third amended complaint.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: May 3, 2006